IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEMARRIO MOSS                                                    PLAINTIFF

v.                                    Case No. 4:21-cv-00485 KGB

ARKANSAS DEPARTMENT OF
CORRECTION/ DIVISION OF
COMMUNITY CORRECTION                                            DEFENDANT

<u>ORDER</u>

Before the Court is defendant Arkansas Department of Correction/Division of Community Correction's ("ADC") motion to dismiss (Dkt. No. 3). Plaintiff Demarrio Moss responded in opposition to the motion, and ADC replied (Dkt. Nos. 7, 8). For the following reasons, the Court denies the ADC's motion to dismiss (Dkt No. 3)

I.      Background

Mr. Moss brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Dkt. No. 1). Mr. Moss alleges that the ADC discriminated against him on the basis of race when it failed to promote him to a position on two separate occasions (*Id.*, ¶¶ 20, 26, 31-32). For relief, Mr. Moss seeks declaratory judgment that he has been subjected to unlawful discriminatory practices and asks that he be promoted to the Assistant Area Manager's position with back pay (*Id.*, ¶ 37).

The Court accepts Mr. Moss' factual allegations as true at this stage of the proceedings. *Blomker v. Jewell*, 831 F.3d 1051, 1054 (8th Cir. 2016) (internal citations omitted). Mr. Moss is an African American male (Dkt. No. 1, ¶ 3). Pertinent to the pending motion to dismiss is that, on February 11, 2020, ADC advertised an Assistant Area Management position (Vacancy Announcement #2212-5067), for which Mr. Moss applied (*Id.*, ¶ 12). ADC conducted interviews for the position, and Mr. Moss was interviewed on or about March 3, 2020 (*Id.*, ¶¶ 13-14). The

position was postponed due to an alleged scoring error (*Id.*, ¶ 15).  Mr. Moss alleges that he was

advised that a Caucasian male did not score as high as ADC had wanted (*Id.*).  Mr. Moss further

alleges that, upon information and belief, he received the highest score during the interviews and

that he was the most qualified candidate for the position (*Id.*, ¶¶ 16, 27).

During the month of June 2020, ADC re-advertised the Assistant Area Management

position (*Id.*, ¶ 17).  Mr. Moss alleges that he did not discover that the ADC was not going to fill

the Assistant Area Manager's position until the position was readvertised during the month of June

2020 (*Id.*).  ADC conducted another round of interviews for the position in June 2020, and Mr.

Moss was interviewed a second time (*Id.*, ¶¶ 18-19).  On August 10, 2020, Mr. Moss was notified

that another person was selected for the position (*Id.*, ¶ 20).  The person who was selected for the

position is a Caucasian male employee of ADC who was hired by the ADC in September 2013

(*Id.*, ¶¶ 21-22).

After being notified that he was not selected for the Assistant Area Management position,

Mr. Moss made an inquiry about the interviews that took place on or about March 3, 2020 (*Id.*, ¶

23).  Mr. Moss alleges that he was told the interview scores had been discarded (*Id.*, ¶ 23).  Mr.

Moss alleges that he was also told by Amber Schubert, General Counsel for ADC, that no such

interviews were conducted on or about March 3, 2020, which he further alleges is false (*Id.*, ¶ 24).

On December 15, 2020, Mr. Moss filed a Charge of Discrimination (No. 493-2020-01902)

with the Equal Employment Opportunity Commission ("EEOC") (*Id.*, ¶ 33).  According to Mr.

Moss, he "made initial contact with the EEOC, but due to COVID-19 concerns, he was unable to

get an appointment with representatives of the EEOC until December 15, 2020" (*Id.*, ¶ n. 1).  For

the particulars of the Charge, Mr. Moss wrote:

> I was hired by the above-named employer on or about November 7, 2007.  I have
> been employed as a Patrol Agent.  On or about March 3, 2020, I interviewed for

the position of Assistant Area Manager, along with several others.  I was told that I had the highest score after my interview.  However, the position remained vacant and was re-posted in early July 2020.  After another round of interviews, it was announced that a White applicant was promoted into the position.

I was not given a reason why the March 2020 interview scores were not considered, or why I was not selected for the job.

I believe I was denied a promotion because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*, at 9).  For the "Dates(s) Discrimination Took Place" Mr. Moss listed March 3, 2020, the earliest date and July 20, 2020, as the latest date (*Id.*, at 8).   On March 8, 2021, the EEOC issued to Mr. Moss a "Dismissal and Notice of Rights" (*Id.*, ¶ 34).

On June 3, 2021, Mr. Moss filed his complaint (Dkt. No. 1).  Mr. Moss submits the EEOC Charge of Discrimination and accompanying right-to-sue letter as attachments to his complaint (*Id.*, at 8-10).  The ADC filed the instant motion to dismiss Mr. Moss' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted (Dkt. No. 3).

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555

(alteration in original) (citations omitted).  "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory."  *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).  "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

When ruling on a Rule 12(b)(6) motion to dismiss, a district court generally may not consider materials outside the pleadings.  *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  The district court "may, however, consider some public records, materials that do not contradict the complaint or materials that are 'necessarily embraced by the pleadings.'"  *Noble Sys. Corp.*, 543 F.3d at 978 (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).  The Court may also consider material attached to the complaint.  *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240 (8th Cir. 2006).

### III.    Discussion

ADC argues that its motion to dismiss should be granted because Mr. Moss has failed to exhaust his administrative remedies with respect to either of the alleged promotions on March 3, 2020, and August 10, 2020 (Dkt. No. 4, at 2).  Specifically, ADC contends that Mr. Moss failed to exhaust because:  (1) the first alleged failure to promote was not timely filed with the EEOC; and (2) the second alleged failure to promote was a discrete act of discrimination that required a separate administrative charge to be filed with the EEOC (Dkt. Nos. 4, at 4-6; 8 at 1-3).  Mr. Moss argues in response that the doctrine of equitable tolling applies because he was "unable to get an

appointment with the EEOC not until December 15, 2020, due to COVID-19 concerns" (Dkt. No. 7, at 5).  Mr. Moss also argues that, because his December 15, 2020, Charge of Discrimination contains allegations regarding the second round of interviews, it encompasses the second alleged failure to promote on August 10, 2020 (*Id.*, at 6).  The Court will examine each of these arguments.

### A.   First Alleged Failure to Promote:  March 3, 2020 Interview

Before filing suit under Title VII, Mr. Moss must have first exhausted his administrative remedies by filing a Charge of Discrimination with the EEOC within 180 days "after the alleged unlawful employment practice occurred."  42 U.S.C. ¶ 2000e–5(f)(1).  *See also Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994); *Shannon v. Ford Motor Co.*, 72 F.3d 678 (8th Cir. 1996).  Exhaustion of administrative remedies is required under Title VII because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.  *Williams*, 21 F.3d at 222.

In his complaint, Mr. Moss alleges that he was interviewed for the position on or about March 3, 2020, and did not learn until the position was readvertised during the month of June 2020 that the ADC was not going to fill the position based on the March 2020 interviews (Dkt. No. 1, ¶¶ 13, 17).  Mr. Moss was required to file his Charge with the EEOC within 180 days of the alleged discriminatory action.

Mr. Moss filed his Charge of Discrimination with the EEOC on December 15, 2020 (Dkt. No. 1, ¶ 33).  If March 3, 2020, is the alleged discriminatory act, Mr. Moss's Charge is time-barred for the March 3, 2020, interview.  If the alleged discriminatory act is on or before June 18, 2020—given that Mr. Moss alleges in "June 2020" the position was readvertised by the ADC and that is

when he learned the ADC was not going to fill the position—Mr. Moss's Charge based on the March 3, 2020, interview is not time-barred.

### B.    Second Alleged Failure to Promote:    August 10, 2020 Hiring Announcement

The Court examines next whether Mr. Moss fully exhausted his administrative remedies on his claim based on the alleged failure to promote on August 10, 2020.  The Supreme Court has held that events such as failure to promote "constitute[] a separate actionable 'unlawful employment practice." *AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002).  "Each discrete act is a different unlawful employment practice for which a separate charge is required." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (citing *Morgan*, 536 U.S. at 114).  Mr. Moss contends that he has sufficiently exhausted his administrative remedies because his December 15, 2020, Charge describes the second alleged failure to promote on August 10, 2020 (Dkt. No. 7, at 6).

Mr. Moss alleges that the position was readvertised in June 2020 (Dkt. No. 1, ¶ 17).  He maintains that he was interviewed a second time for the readvertised position and that interviews were conducted in June 2020 (*Id.*, ¶¶ 18-19).  Further, he says that, on August 10, 2020, he was notified that some other person, whom he identifies as Caucasian was selected (*Id.*, ¶¶ 20-21).

Mr. Moss filed his Charge of discrimination with the EEOC on December 15, 2020 (Dkt. No. 1, ¶ 33).  On his Charge, he identified the dates of discrimination as "03-03-2020" to "07-20-2020" and described the incident about which he complains in sufficient detail that the events surrounding his first interview or his second interview for the position fall within the description. If Mr. Moss's interview for the readvertised position is the triggering date—which interview occurred sometime during June 2020 based on allegations in the complaint—Mr. Moss's Charge contemplates this event given that Mr. Moss states the last date of discrimination occurred on or

about July 20, 2020.  Further, if Mr. Moss's interview for the readvertised position is the triggering

date and if Mr. Moss was interviewed on or before June 18, 2020, Mr. Moss's Charge was timely

filed.  If the triggering date to file a Charge is the date of the announcement of hire on August 10,

2020, that date falls outside the last date of discrimination of on or about July 20, 2020, identified

by Mr. Moss on his Charge, even though he filed his Charge within 180 days of that date.

## C.    Analysis

The Court agrees that the ADC's refusal to hire Mr. Moss is a discrete act and, as a result,

is not actionable under the continuing violations doctrine and that each discrete act of

discrimination requires a separate Charge.  *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003).

The Court next considers whether, on the record before it, there are reasonable grounds for

an equitable tolling of the filing period.  Courts have generally reserved the remedy of equitable

tolling for situations in which the reasons for the delay were beyond the control of the plaintiff.

*See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 U.S (1984)  ("Procedural

requirements established by Congress for gaining access to the federal courts are not to be

disregarded by courts out of vague sympathy for particular litigants."); *Heideman v. PFL, Inc.*,

904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances

that cause a plaintiff to miss a filing deadline are out of his hands.").  Here, Mr. Moss alleges

generally that, he was unable to get an appointment with the EEOC until December 15, 2020, "due

to COVID-19 concerns . . . beyond [his] control" (Dkt. No. 7, at 6).  Mr. Moss does not explain

how COVID-19 prevented him from meeting with the EEOC until this date, nor does he allege

any specific efforts made to pursue his rights given such limitations.  The Court is aware of other

courts that have determined equitable tolling for COVID-19 will not be applied unless the plaintiff

makes a showing of why the plaintiff was prevented from timely filing.  *See Willard v. Indus. Air*

*Inc.*, Case No. 1:20-CV-00823, 2021 WL 309116, at *4-5 (M.D.N.C. Jan. 29, 2021) (collecting cases that "considered the issue [and] have not found that the COVID-19 pandemic justifies equitable tolling absent a corresponding showing that the pandemic prevented the plaintiff from timely filing suit.").  At this stage of the litigation, Mr. Moss has not demonstrated how the COVID-19 pandemic prevented him from timely filing suit.

As the Court explains, however, depending on the triggering date of discrimination, one or the other of these events likely resulted in Mr. Moss filing a timely Charge.  At least from the face of the complaint, the Court cannot dismiss on this basis.

Neither party addresses what triggering date should apply for the clock to start to run on Mr. Moss's 180 window to file his Charge in this failure-to-promote case.  The ADC seems to contend that, for the March 3, 2020, interview, the date of the interview should be the triggering date but that, for the August 10, 2020, announcement, the date of the announcement of hire should be the triggering date.  The Court declines to apply that inconsistent analysis.

In *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009), the Eighth Circuit Court of Appeals determined that, because termination is a discrete act, the termination occurs—and thus triggers the start of the limitations period—on the day it happens, which is according to the Eighth Circuit the day when the employer notifies the employee of the decision to terminate her employment.  *Id.* (citing *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328 (8th Cir. 1995); *see Del. State Coll. v. Ricks*, 449 U.S. 250, 257–58 (1980)).

For purposes of resolving the pending motion, the Court need not decide at this stage what is the triggering event.  Although both the March 3, 2020, interview and the August 10, 2020, announcement are likely not actionable due to failure to exhaust administrative remedies for one of those events, the other event is actionable based on the allegations in the complaint.  For these

reasons, at this stage of the litigation, the Court denies the ADC's motion to dismiss on failure to exhaust administrative remedies.

**IV.     Conclusion**

For these reasons, the Court declines to dismiss Mr. Moss's complaint for failure to exhaust his administrative remedies.  The Court denies ADC's motion to dismiss (Dkt. No. 3).

It is so ordered this 31st day of March, 2022.

_____
Kristine G. Baker
United States District Judge