IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEMARRIO MOSS**                                                                                      **PLAINTIFF**

v.                                         Case No. 4:21-cv-00485 KGB

**ARKANSAS DEPARTMENT OF
CORRECTION/ DIVISION OF
COMMUNITY CORRECTION**                                              **DEFENDANT**

## ORDER

Before the Court is plaintiff Demarrio Moss' motion for leave to amend complaint (Dkt. No. 21). Mr. Moss seeks leave to amend his complaint pursuant to Rules 15(a) and 15(c) of the Federal Rules of Civil Procedure to add a new claim of retaliation (*Id.*, ¶ 6). Mr. Moss represents that defendant Arkansas Department of Correction/Division of Community Correction ("ADC") has no objection to the filing of the proposed amended complaint (Dkt. No. 21, ¶ 7). Mr. Moss also states that ADC will not be prejudiced by this amendment "in that it was already on notice that said amendment was forthcoming." (*Id.*, ¶ 8). For good cause shown, the Court grants the motion (Dkt. No. 21).

The Federal Rules of Civil Procedure favor amendment. Pursuant to Rule 15(a)(1), a party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days after service of the responsive pleading or a motion under Rule 12(b)(6). After the 21-day period expires, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court should give leave freely when justice so requires, but "parties do not have an absolute right to amend their pleadings . . . ." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "[D]enial of leave to amend

pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "A district court's denial of leave to amend a complaint may be justified if the amendment would be futile." *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013).

Rule 15(c) provides that an amendment to a complaint will relate back to the date of the original pleading if certain conditions are satisfied.  First, the law that provides the applicable statute of limitations must allow relation back.  Fed. R. Civ. P. 15(c)(1)(A).  Second, the proposed amendment must assert "a claim or defense that arose out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

Mr. Moss has provided the Court with a copy of his proposed amended complaint accordance with Local Rule 5.5(e) of the *Local Rules of the Eastern and Western District of Arkansas* (Dkt. No. 21-1).  The Court has reviewed Mr. Moss' proposed amended complaint and compared it to Ms. Moss' original complaint (Dkt. Nos. 1, 21-1).  Mr. Moss' proposed amended complaint includes a new claim that Mr. Moss was retaliated against after having complained about discrimination (Dkt. No. 21-1, at 6–8).  The proposed amended complaint includes the following attachments relevant to the retaliation claim:  (1) the Charge of Discrimination (No. 493-2021-00949) filed on August 17, 2022, with Equal Employment Opportunity Commission ("EEOC"); and (2) the right-to-sue letter issued by the EEOC on May 19, 2022 (*Id.*, at 13–14).

For good cause shown, the Court grants Mr. Moss' motion for leave to amend complaint (Dkt. No. 21).  The Court directs Mr. Moss to file his amended complaint within 21 days of entry

of this Order. Once filed, the amended complaint will relate back to the date the original complaint was filed, as provided in Federal Rule of Civil Procedure 15(c)(1)(B).

It is so ordered this 1st day of February, 2023.

_____
Kristine G. Baker
United States District Judge